## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALIAKBAR AFSHARI, *et al.*,          :
                                     :
      Plaintiffs,              :
                                     :
   v.                            : Civil Action No. 05-0826 (JR)
                                     :
DEPARTMENT OF HEALTH AND HUMAN       :
SERVICES, *et al.*,                  :
                                     :
      Defendants.              :

### MEMORANDUM

Before the court in this Freedom of Information Act case are the motions of government defendants for summary judgment, with affidavit support of FOIA officers at the Department of Health and Human Services, the Centers for Disease Control, and the National Institutes of Occupational Safety and Health, arguing that their searches for responsive documents were adequate and that the assertion (by HHS) of the deliberative process privilege was proper.  Plaintiffs have responded with a cross-motion for partial summary judgment as to documents redacted or withheld from production and a motion for discovery as to the adequacy of the searches for responsive documents.

The Court takes judicial notice of proceedings in this Court in Civil Action No. 04-2120 (RBW), an action brought by these plaintiffs against the Secretary of Health and Human Services, complaining that the termination of their employment by NIOSH for failure to pass background investigations was

discriminatory.  The FOIA requests that give rise to this case
and a companion case, Civil Action No. 05-0825 (RWR), were
obviously filed in aid of the claims in plaintiffs'
discrimination suit.  No law or policy prohibits the use of FOIA
to augment discovery in an employment discrimination suit.  There
are important differences between the two types of cases,
however, which plaintiffs appear to have overlooked or ignored.

        Plaintiffs' argument for discovery is supported largely
by their incredulity that the government defendants have not been
able to locate the documents that plaintiffs think "must" be
there.  That argument may have currency in an employment
discrimination case; common sense may indeed lead the finder of
fact to believe that the defendants "must" have documents
relating to the background investigation that led to plaintiffs'
termination, and adverse inferences may be available if the
government is not able to produce them.  In a FOIA case, however,
the argument goes nowhere.  In FOIA cases it is hornbook law that
"the focus of the adequacy [of search] inquiry is not on the
results." Hornbostel v. U.S. Dept. of the Interior, 305 F.2d 21,
28 (D.D.C. 2003).  The adequacy of a FOIA search is determined
not by the fruits, but by the appropriateness of methods used to
carry out the search.  Iturralde v. Comptroller of the Currency,
315 F.3d 311, 315 (D.C. Cir. 1995).

Plaintiffs also assert, however, that defendants' declarations "fail to describe the method used to perform the records search in the listed offices, what search terms were used, what types of records were searched, which files were searched, who actually performed the searches, and whether there are any other record systems that are likely to contain responsive documents." [19-1] at 21.  They assert that the declarations "do not state whether the government contacted any agency personnel familiar with the Afsharis case to see if they could cast light on where the requested documents might be locate," citing Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 328 (D.C. Cir. 1999), for the proposition that, if other sources fail to provide leads to missing records, agency personnel should be contacted. Id. at 22.  In this respect, plaintiffs are right.  Taken together, the three affidavits fail to demonstrate that that the searches were reasonable in light of the totality of the circumstances and  were reasonably calculated to uncover relevant documents.  Oglesby v. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).

Plaintiffs' objection to the withholding of documents under FOIA Exemption 5 is not well taken.  The documents withheld or redacted consisted only of the opinions and recommendations of government employees concerning how best to terminate the plaintiffs' employees procedurally, plus three draft versions of

the termination notice.  Plaintiffs have cited no case support
for their assertion that disclosure of draft termination letters
are "routinely discoverable in civil litigation," and the case
law about drafts in this Circuit teaches to the contrary.  <u>See</u>,
<u>e.g.</u>, <u>Dudman Communications Corp. v. Dept. of the Air Force</u>, 815
F.2d 1565, 1568 (D.C. Cir. 1987).

                    *     *     *     *

        The motion for summary judgment will be **granted** as to
the withholding or redaction of documents pursuant to Exemption
5.  It will be **denied** as to the adequacy of defendants' searches,
but discovery would be premature.  The denial is without
prejudice to the government's renewal of the motion with
affidavits or declarations demonstrating that the searches were
reasonable in light of the totality of the circumstances and
reasonably calculated to uncover relevant documents.  An
appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                         United States District Judge


- 4 -